UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JOHN LANE-EL,<br><br>        Petitioner,<br><br>v.<br><br>CRAIG HANKS,<br><br>        Respondent. | )<br>)<br>)<br>)    No. 2:05-cv-241-RLY-WGH<br>)<br>)<br>)<br>) |

**Entry Discussing Petition for Writ of Habeas Corpus**

    Petitioner Lane-El's Rule 60(b) motion for relief from judgment has been appropriately treated as a second or successive petition for a writ of habeas corpus.

    When there has already been a decision on the merits in a federal habeas action, to obtain another round of federal collateral review a petitioner requires permission from the Court of Appeals under 28 U.S.C. § 2244(b). *See Potts v. United States,* 210 F.3d 770, 770 (7th Cir. 2000). This statute, § 2244(b)(3), "creates a 'gatekeeping' mechanism for the consideration of second or successive [habeas] applications in the district court." *Felker v. Turpin,* 518 U.S. 651, 657 (1996); see *Benefiel v. Davis,* 403 F.3d 825, 827 (7th Cir. 2005); *United States v. Lloyd,* 398 F.3d 978 (7th Cir. 2005). Thus,

> [a]nyone who files a "second or successive" application must start in the court of appeals, and any effort to begin in the district court must be dismissed for want of jurisdiction . . . .

*Benton v. Washington,* 106 F.3d 162, 165 (7th Cir.1996). Section 2244 has been described as "self-executing." *Nunez v. United States,* 96 F.3d 990, 991 (7th Cir. 1996). This means that a district court lacks all jurisdiction over such a matter until permission to file is granted by the Court of Appeals. *Id.*

    The petitioner has already filed an action for relief pursuant to 28 U.S.C. § 2254(a) challenging the validity of his 1993 convictions in Marion County for rape and criminal confinement. That action was dismissed. This was a determination made in TH 01-141-C-T/F. Both this court and the Circuit Court of Appeals declined to issue a certificate of appealability.

The present action is, from the above, another attempt to collaterally challenge the sentence. However, it is presented without authorization from the Court of Appeals to do so. Accordingly, the action must be dismissed for lack of jurisdiction and pursuant to Rule 4 of the *Rules Governing Section 2255 Proceedings in the United States District Court.*

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: October 12, 2005

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana